CASPAR W. HODGSON, Plaintiff, v. NEWS SYNDICATE Co., INC., Sued Herein as NEW YORK NEWS SYNDICATE, INC., Defendant.*

Supreme Court, Special Term, New York County, September 22, 1937.

*Solomon R. Kunkis*, for the plaintiff.

*Townley, Updike & Carter*, for the defendant.

LAUER, J. This is a motion by a defendant in a libel action to examine the plaintiff before trial on the separate defenses. The plaintiff is almost seventy years old. The custom appears to have grown up in recent years of including in defenses of "fair report of judicial proceedings," or fair comment on them, matters which are not pertinent to the alleged libel. The effect of the method is to aggravate and broaden the charge which forms the basis of the libel by adding to it under cover of the answer, and thus many matters not included in the original publication are brought into the case.

The complaint alleges and the answer denies falsity. The burden of proof is on the plaintiff. While the court, in its discretion, may compel the examination of a party, though he carry the burden, in this case the examination does not appear either proper or neces-

* Affd., 253 App. Div. 808.

sary, and the court is disinclined to exercise its discretion for the examination sought.

All the other matters on which the examination is sought are matters of public record, which the defendant may prove without the aid of an examination. The purpose of this procedure must not be lost sight of, and, although the courts may (*Albanos* v. *News Syndicate Co., Inc.*, 130 Misc. 566) permit a party to be interrogated to establish matters of public record, the better practice is to withhold the privilege. His evidence is at best hearsay and secondary. The motion is denied.